UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
**WILLKA K. BEY**,                                                 :
                                                                   :
                Plaintiff,     :
                                                                   :  **MEMORANDUM AND ORDER**
        – against –                                          :
                                                                   :  25-CV-809 (AMD) (TAM)
                                                                   :
**KINGS FAMILY COURT; NICHOLAS J.**                                :
**PALOS,** *in official and personal capacity*,                    :
                                                                   :
                Defendants.    :
                                                                   :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

        On March 27, 2025, the *pro se* plaintiff Willka K. Bey — formerly known as Mark R. Simon — filed this action against the New York City Department of Social Services Support and Lien Recovery Litigation Unit, the Support Collection Unit, Office of Legal Affairs Subpoena Window, Muriel Goode-Trufant, Ann Marie Scalia, Kings Family Court and Support Magistrate Nicholas Palos. (ECF No. 1.) The plaintiff also moved to proceed *in forma pauperis* (ECF No. 3) and for a temporary restraining order and preliminary injunction (ECF No. 2). On April 4, 2025, the Court denied Plaintiff's motion for a temporary restraining order and preliminary injunction. (*ECF Order dated Apr. 4. 2025*.)

        On April 16, 2025, the plaintiff moved to amend his complaint, which names only the Kings Family Court and Support Magistrate Palos as defendants (ECF. No. 6), and for a temporary restraining order and to stay "all proceedings and enforcement actions in Kings Family Court" (ECF No. 5). The Court grants the plaintiff's application to proceed *in forma pauperis* and his motion to amend the complaint. For the following reasons, the Court denies the plaintiff's motion for injunctive relief and dismisses the action.

**BACKGROUND**

In his amended complaint, the plaintiff alleges that the defendants "have engaged in arbitrary and capricious enforcement actions in the context of child support proceedings — actions that have deprived Plaintiff of due process, equal protection, liberty, property and livelihood." (ECF No. 6 at 1.)  The plaintiff alleges that he "was never properly served with a verified complaint, summons or adequate notice — circumventing his right to a fair hearing" which resulted in the "license suspension, wage garnishment, and threats of incarceration." (*Id.* at 3.)  The plaintiff further alleges that Support Magistrate Palos has "issue[d] orders without addressing Plaintiff's concerns or objections on the record, nor did he provide proof of proper standing nor jurisdiction." (*Id.* at 3.)  The plaintiff seeks relief under 42 U.S.C. § 1983 and 18 U.S.C. § 242, and alleges violations of 45 C.F.R. § 303.5. (*Id.* at 3–4.)  He seeks $310,500 in damages, as well as declaratory and injunctive relief.  (*Id.* at 4.)

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8.  A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

2

The Court holds a *pro se* litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where a *pro se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. The Amended Complaint

#### a. Eleventh Amendment

"The Eleventh Amendment bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015) (citing *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009)). New York has not waived its sovereign immunity in federal court from suits for damages like those sought in this case. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39–40 (2d Cir. 1977). Nor has Congress abrogated states' sovereign immunity for claims brought under 42 U.S.C. § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). Thus, sovereign immunity bars the plaintiff's claims against the Kings Family Court. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The New York State Unified Court System is unquestionably an arm of the State and is entitled to Eleventh Amendment sovereign immunity" (cleaned up)).

### b. Judicial Immunity

The plaintiff names Support Magistrate Palos as a defendant in connection with his roles in his family court proceedings. However, "it is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Walker v. NYS Just. Ctr. for Prot. of People with Special Needs*, 493 F. Supp. 3d 239, 248 (S.D.N.Y. 2020) ("Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities."). Indeed, "even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). The doctrine of absolute judicial immunity applies to Kings County Family Court Support Magistrates, and bars the plaintiff's claims against Support Magistrate Palos in his official capacity. *Dieujuste v. Sin*, No 23-CV-7805, 2024 WL 1825403, at *4 (E.D.N.Y. Apr. 26, 2024); *Cora v. Wright*, No. 24-CV-0263, 2024 WL 450247, at *2 (S.D.N.Y. Feb. 5, 2024).

To the extent the plaintiff seeks injunctive relief against Support Magistrate Palos in his individual capacity, the claim must also be dismissed. The Federal Courts Improvement Act, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847 (1996), bars injunctive relief in any Section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983); *see also Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004); *Guerin v. Higgins*, 8 F. App'x 31 (2d Cir. 2001). The plaintiff does not allege that a "declaratory decree was violated" or that "declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Montero*, 171 F.3d at 761–62.

Even interpreting the plaintiff's claim liberally, the plaintiff has not alleged that Support Magistrate Palos took any nonjudicial action against him or acted in the complete absence of all

jurisdiction. Accordingly, the plaintiff's claims against Support Magistrate Nicholas Palos must be dismissed.

### c. 18 U.S.C. § 242 and 45 C.F.R. § 303.5

The plaintiff also brings claims under 18 U.S.C. § 242, which provides that any state actor who "willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States" faces criminal liability, and 45 C.F.R. § 303.5, which sets forth the Department of Health and Human Services' guidance to states agencies for establishing paternity. But neither of those statutes provides for a private right of action. 18 U.S.C. § 242 is a criminal statute; "[a]s a general matter … crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (citation omitted). The Second Circuit has held that there is no private right of action under 18 U.S.C. § 242. *Id.* at 14; *see also Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. June 23, 2009) (summary order). 45 C.F.R Section 303.5 provides guidance on the issue of paternity; it does not provide for a private cause of action.

## II. Motion for a Temporary Restraining Order and to Stay the State Court Proceedings

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). "The standards for granting a TRO are the same as those governing preliminary injunctions." *Javino v. Pergament*, No. 13-CV-1951, 2013 WL 1952639, at *1 (E.D.N.Y. May 10, 2013). The movant must show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *County of Nassau v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)).

5

The plaintiff moves for an order that will "stay or temporarily enjoin [his] Family Court proceedings" and "order no further enforcement actions . . . during the pendency of this federal case." (ECF No. 5 at 3). Under *Younger v. Harris*, a federal court cannot intervene in pending state court proceedings. 401 U.S. 37 (1971) (*Younger* abstention is triggered by three categories of state court proceedings: (1) "state criminal prosecutions;" (2) "civil enforcement proceedings;" and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts."); *Hart v. Off. of Atty. Gen. - Child Support Div.*, No. 24-CV-3123, 2024 WL 3696366, at *3 (S.D.N.Y. July 31, 2024) (noting that if plaintiff's child support proceedings are pending in the state court, the district court may not intervene in them); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). For this reason alone, the Court cannot grant the plaintiff the injunctive relief he seeks.

Moreover, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977). Although Section 1983 actions fall within the "except as expressly authorized by Act of Congress" exception, *see Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972), the plaintiff has not shown a likelihood of success on the merits or sufficiently serious questions going to the merits, and therefore is not entitled to injunctive relief under that exception. *See, e.g.*, *Ram v. Lal*, 906 F. Supp. 2d 59, 71 (E.D.N.Y. 2012) ("[Whether] "the 'except as expressly authorized by Act of Congress' exception . . . to the Anti-Injunction Act is applicable depends upon whether the . . . Plaintiffs have made out a cognizable Section 1983 claim." (internal citation omitted)).

6

Accordingly, the plaintiff's motion for a temporary restraining order and to stay the state court proceedings is denied.

## CONCLUSION

The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and his motion for a temporary restraining order is denied. Because the Court lacks subject matter jurisdiction over the plaintiff's claims against Kings County Family Court and Support Magistrate Palos, those claims are dismissed without prejudice. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (claims barred by Eleventh Amendment immunity are properly dismissed for lack of subject matter jurisdiction); *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (a dismissal "based on a finding of judicial immunity" is for lack of subject-matter jurisdiction). However, the Court denies further leave to amend because the defects in the plaintiff's claims are substantive. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The plaintiff's state law claims are dismissed without prejudice, meaning that the plaintiff may attempt to bring them in state court.

The Clerk of Court is respectfully directed to enter judgment dismissing the action and mail a copy of this Memorandum and Order and judgment to the plaintiff and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                      s/Ann M. Donnelly
                                        ANN M. DONNELLY
                                        United States District Judge

Dated: Brooklyn, New York
       April 22, 2025